Richard BURRIS *v.* STATE of Arkansas

CR 97-494 954 S.W.2d 209

Supreme Court of Arkansas
Opinion delivered October 2, 1997

*John W. Settle Law Firm,* by: *John W. Settle,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Richard Burris, was convicted of possession of methamphetamine with intent to deliver, possession of amphetamine with intent to deliver, and carrying a weapon. For these crimes, Burris was sentenced to a concurrent term of forty years' imprisonment. On appeal, Burris challenges the sufficiency of the evidence to sustain

his convictions, and the court's denial of his motion to suppress evidence seized from his vehicle. We affirm.

On July 10, 1996, Captain Dale Best of the Arkansas State Highway Patrol noticed a 1988 Dodge pulling a trailer traveling along Interstate 40. The Florida license plate was fastened to the trailer in such a fashion that the wind caused the plate to flip upwards making it difficult to read. The last letters of the license plate were also obscured by the corner of the trailer. Captain Best testified that he had to follow the vehicle for "some distance" before he was able to read the entire license plate. In addition, the lens covering the left brake light on the trailer was partially broken causing the light to shine white instead of red.

Captain Best stopped the vehicle for the improperly displayed license plate and for the broken brake light. After telling the driver, Richard Burris, why he had been stopped, Captain Best asked Burris for his license, proof of insurance, and registration. While verifying this information, Captain Best learned that Burris had previously been arrested for weapons and drug charges, and convicted of a misdemeanor drug offense. Captain Best then asked Burris to come to the back of the trailer where he explained to him that his license plate was improperly attached and that his brake light was broken. According to Captain Best, Burris appeared to be unusually nervous and would not make eye contact.

On three occasions, Captain Best asked Burris if he had ever been arrested for criminal charges, including drugs, and Burris answered that he had never been arrested for a crime other than speeding. Because Burris appeared nervous and had previously been arrested on weapon charges, Captain Best became concerned for his safety and asked Burris if he had any weapons. Twice, Burris answered in the negative. Captain Best asked Burris for a third time if he had any weapons in the car, and Burris answered that he had a .22 caliber derringer "in the passenger's compartment, next to the driver's seat, toward the floorboard, on a console type arrangement." Burris refused to give consent to search the vehicle but offered to retrieve the gun for Captain Best. Captain Best refused the offer, and asked Burris to show him where the gun

was. Burris did so, and Captain Best retrieved the loaded gun from the front seat of the car.

Captain Best placed Burris under arrest, and began an inventory search of the vehicle. Captain Best estimated that Burris was arrested fifteen to twenty minutes after the initial stop. During the inventory of Burris's vehicle, the officers found in the trunk several plastic bags containing amphetamine and methamphetamine, and a loaded .44 revolver. Burris was subsequently charged with possession of methamphetamine with intent to deliver, possession of amphetamine with intent to deliver, and carrying a weapon

The trial court denied Burris's motion to suppress the evidence seized from his trunk, found him guilty of all three crimes, and sentenced him to a concurrent term of forty years' imprisonment. Burris filed a timely notice of appeal from his judgment and commitment order.

## I. Sufficiency of the Evidence

For his first argument on appeal, Burris challenges the sufficiency of the evidence to support all three of his convictions. When an appellant challenges the sufficiency of the evidence, we address the issue prior to all others in order to preserve the defendant's right to freedom from double jeopardy. *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997); *Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support a verdict. *Williams, supra; Ladwig v. State*, 328 Ark. 241, 943 S.W.2d 571 (1997). Substantial evidence is direct or circumstantial evidence that is forceful enough to compel a conclusion one way or another and which goes beyond mere speculation or conjecture. *Williams, supra; Ladwig, supra*. In making this determination, we review the evidence in the light most favorable to the State, and consider only the evidence that supports the verdict. *Williams, supra; Ladwig, supra*.

Burris's sole challenge to the sufficiency of the evidence is his argument that his conviction must be reversed if we find that the court erred in denying his motion to suppress the evidence seized from his car. We find no merit to this argument

because we have continuously held that when reviewing the sufficiency of the evidence upon appeal we must consider both properly and improperly admitted evidence. *Martin v. State*, 328 Ark. 420, 944 S.W.2d 512 (1997); *Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997). Because the police found the drugs and guns in Burris's vehicle, we find that there was substantial evidence to support his convictions.

## II.   Motion to Suppress

Burris's second argument is that the trial court erred when it denied his motion to suppress the evidence that the police seized from his car. Burris contends that the drugs and guns should have been suppressed because the initial stop, detainment, and subsequent search of his vehicle were unlawful under the Fourth Amendment.

■ In reviewing the trial court's denial of a suppression motion, we make an independent examination based on the totality of the circumstances, and reverse only if the trial court's ruling was clearly against the preponderance of the evidence. *Norman v. State*, 326 Ark. 210, 931 S.W.2d 96 (1996); *Bohanan v. State*, 324 Ark. 158, 919 S.W.2d 198 (1996). In making this determination, we view the evidence in the light most favorable to the State. *Norman, supra; Beshears v. State*, 320 Ark. 573, 898 S.W.2d 49 (1995).

### A.   Initial Stop

First, Burris claims that the initial traffic stop was unlawful, and thus, evidence seized thereafter is inadmissible pursuant to the Fruit of the Poisonous Tree doctrine as discussed in *Wong Sun v. United States*, 371 U.S. 471 (1963). We disagree with this assertion.

■ In *Whren v. United States*, 116 S. Ct. 1769 (1996), the United States Supreme Court recently explained that a police officer may stop and detain a motorist where the officer has probable cause to believe that a traffic violation has occurred. For example, in *Wilburn v. State*, 317 Ark. 73, 876 S.W.2d 555 (1994), we held that an officer had probable cause to stop a motorist when

he discovered that the vehicle bore a license plate which was issued to a different car in violation of Ark. Code Ann. § 27-14-306 (Repl. 1994). Thus, the relevant inquiry is whether Captain Best had probable cause to believe that Burris was committing a traffic offense at the time of the initial stop.

We have previously explained that probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Hudson v. State*, 316 Ark. 360, 872 S.W.2d 68 (1994); *Johnson v. State*, 299 Ark. 223, 772 S.W.2d 322 (1989). In assessing the existence of probable cause, our review is liberal rather than strict. *Brunson v. State*, 327 Ark. 567, 940 S.W.2d 440 (1997).

During the suppression hearing, Captain Best testified that he had difficulty reading Burris's license plate because it was fastened to the trailer in such a fashion that the license plate flipped upwards in the wind, and because the last digits of the plate were obscured by the corner of the trailer. Based on these facts, we find that Captain Best had probable cause to believe that Burris was violating Ark. Code Ann. § 27-14-716(b) (Repl. 1994), which provides that:

> Every license plate shall, at all times, be securely fastened in a horizontal position to the vehicle for which it is issued so as to prevent the plate from swinging and at a height of not less than twelve inches (12") from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible.

Although a further justification for the initial stop is unnecessary, Captain Best also testified during the suppression hearing that he stopped Burris because the lens of the trailer's left tail light was partially broken causing it to shine white instead of red. According to Ark. Code Ann. § 27-36-215(a)(1) (Repl. 1994):

> Every motor vehicle, trailer, semitrailer, and pole trailer, and any other vehicle which is being drawn at the end of a train of vehicles, shall be equipped with at least one (1) tail lamp

mounted on the rear, which, when lighted as required, shall emit a red light plainly visible from a distance of five hundred feet (500') to the rear.

Because we find that Captain Best had probable cause to believe that Burris was committing two traffic violations, we find that the initial stop was lawful.

■ In reply, Burris argues that he was not guilty of violating either Section 27-14-716(b) or 27-36-215(a)(1). According to *Whren*, all that is required is that the officer had probable cause to believe that a traffic violation had occurred. *Whren, supra.* Whether the defendant is actually guilty of the traffic violation is for a jury or a court to decide, and not an officer on the scene. For example, in *State v. Jones*, 310 Ark. 585, 589, 839 S.W.2d 184, 186 (1992), we emphasized that "it should be kept in mind that we are not dealing with the guilt or innocence under the [traffic] ordinance, [but] merely with whether there was probable cause to conclude the ordinance had been violated." Moreover, we have repeatedly held that the degree of proof sufficient to sustain a finding of probable cause is less than that required to sustain a criminal conviction. *Baxter v. State*, 324 Ark. 440, 922 S.W.2d 682 (1996). Thus, we find no merit to this argument.

## B.    Detainment

Next, Burris argues that the evidence should have been suppressed because Captain Best had no legal reason to detain him for fifteen to twenty minutes after he was initially stopped for the traffic violations. Although Burris did not raise this argument in his motion to suppress, he clearly developed this argument during the suppression hearing, and the State failed to object. Thus, we find that the issue is properly preserved for appeal.

■ According to *Terry v. Ohio*, 392 U.S. 1 (1968), given the lawfulness of the initial stop, the question is whether the resulting detention was "reasonably related in scope to the circumstances which justified the interference in the first place." Arkansas Rule of Criminal Procedure 3.1 states that an officer may detain a suspect for not more than fifteen minutes or "for such time as reasonable under the circumstances" if the officer has a

reasonable suspicion that the person is committing, has committed, or is about to commit either "1) a felony, or 2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property." A reasonable suspicion has been defined as a suspicion based upon facts or circumstances that give rise to more than a bare, imaginary, or purely conjectural suspicion. *Hammons v. State*, 327 Ark. 520, 940 S.W.2d 424 (1997); *Williams v. State*, 321 Ark. 344, 902 S.W.2d 767 (1995). In making this determination, the trial court may consider several factors, including, but not limited to: (a) the demeanor of the suspect; (b) the gait and manner of the suspect; (c) any knowledge the officer may have of the suspect's background or character; and (d) any apparent effort of the suspect to avoid identification or confrontation by the police. Ark. Code Ann. § 16-81-203 (1987).

In this case, Captain Best detained Burris for approximately fifteen to twenty minutes to explain to him the traffic violations for which he was stopped and to question him about his possible possession of guns and drugs. Captain Best testified that he detained and questioned Burris because: 1) he was aware that Burris had been previously arrested on drug and gun charges; 2) Burris lied to him about his prior arrests; 3) Burris appeared unusually nervous and avoided eye contact; and 4) he was concerned for his own safety.

Burris argues that Captain Best should not have been able to consider his prior convictions and arrests under Ark. Code Ann. § 16-81-201(1) (1987), which states that the subchapter shall not be construed to:

> Permit an officer to *stop* just any passerby and search him, nor allow the search of any person *merely* because he has a criminal record.

(Emphasis added.) We find that this argument fails for two reasons. First, the statute states that an officer may not "*stop*" a passerby and search him because he has a criminal record. Captain Best stopped Burris for traffic violations, not because of his criminal record. Additionally, the statute says that a person may not be searched "*merely*" because he or she has a criminal record. Captain

Best retrieved a loaded weapon from Burris's car only after Burris disclosed that he had the weapon in his vehicle, and not merely because he had a criminal record. Furthermore, the inventory search of Burris's car occurred after Burris's arrest and not merely because he had a criminal record.

For these reasons, we find that Captain Best had a reasonable suspicion that Burris was in possession of drugs which is a felony under Ark. Code Ann. § 5-64-401 (Supp. 1995). Moreover, Captain Best detained Burris for only fifteen or twenty minutes which we find is "reasonable under the circumstances" as required by Rule 3.1. Thus, we conclude that Captain Best lawfully detained Burris.

## C. Warrantless Search of the Vehicle

Finally, Burris contends that the warrantless search of his vehicle violated his rights under the Fourth Amendment. Because Burris failed to raise this argument in his motion to suppress or during the suppression hearing, we refuse to consider it for the first time on appeal. *Oliver v. State*, 322 Ark. 8, 907 S.W.2d 706 (1995); *Rhoades v. State*, 319 Ark. 45, 888 S.W.2d 654 (1994).

For these reasons, we conclude that there was sufficient evidence to support Burris's convictions, and that the trial court did not err when it denied Burris's motion to suppress. Accordingly, we affirm Burris's convictions.

Affirmed.