2009 Ark. App. 508
**Francisco Gerardo RODRIGUEZ, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1362.**

Court of Appeals of Arkansas.

June 24, 2009.

J. Marvin Honeycutt, Van Buren, Fort Smith, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

COURTNEY HUDSON HENRY, Judge.

Pursuant to Rule 24.3 of the Arkansas Rules of Criminal Procedure, appellant Francisco Gerardo Rodriguez entered a conditional plea of *nolo contendere* to possession of cocaine with intent to deliver, possession of methamphetamine, and possession of drug paraphernalia. For reversal, Rodriguez argues that the circuit court erred in denying his motion to suppress on the basis that the police officer did not have probable cause to believe that he committed a traffic violation. We affirm.

On the morning of November 13, 2007, Officer Olen Craig parked his patrol car near the eastbound lane of Interstate 40 in Van Buren. At 4:34 a.m., Rodriguez drove his vehicle past the officer and reduced the car's speed. Officer Craig decided to follow and observed that Rodriguez turned on his bright headlights, met two vehicles with his bright headlights still illuminated, and then dimmed his headlights when he approached a third vehicle. Shortly thereafter, the officer stopped Rodriguez for failing to dim his lights for oncoming vehicles. During the stop, Rodriguez gave the officer a rental contract, which showed that someone other than Rodriguez had rented the vehicle, and Officer Craig noticed that the vehicle was rented in Tucson, Arizona. Rodriguez told the officer that he was on his way to a "hair show" in

Chicago. When Officer Craig inquired about the hair show, Rodriguez appeared very nervous, and according to the officer, "sweat popped out on his forehead." Rodriguez told Officer Craig that the hair show would last for two weeks, but the rental agreement revealed that the vehicle was due to be returned in Tucson one week later. The officer also detected a strong odor of air freshener emanating from the vehicle.

Officer Craig conducted a check of Rodriguez's driver's license and advised him of the nature of the stop. The dispatch officer informed Officer Craig of the criminal history of an individual with the same height and name as Rodriguez. Then, Officer Craig asked for permission to search Rodriguez's vehicle. To ensure that Rodriguez understood the question, the officer asked for and obtained consent two more times before searching the vehicle. During the search, Officer Craig noticed a large suitcase underneath several articles of clothing in the rear cargo area. He opened the suitcase and discovered fourteen kilograms of cocaine. In the front of the vehicle, the officer found a smoking pipe and two small, plastic containers of methamphetamine in a leather purse. Based upon his discovery of the contraband, Officer Craig placed Rodriguez under arrest and issued him a warning ticket for failure to dim his headlights to oncoming vehicles.

On November 20, 2007, the State filed a felony information charging Rodriguez with possession of cocaine with intent to deliver, possession of methamphetamine, and possession of drug paraphernalia. Rodriguez subsequently filed a motion to suppress the physical evidence. On July 11, 2008, the circuit court conducted a suppression hearing during which Officer Craig testified about his stop of Rodriguez, the subsequent line of questioning, the requests for permission to search, the multiple grants of permission, and the actual search of Rodriguez's vehicle. During direct examination, the State inquired about the distance at which a driver was required to dim his lights in the presence of oncoming vehicles. Officer Craig responded that he believed the applicable statute contained a requirement of three hundred feet but that the distance was irrelevant because Rodriguez did not dim his lights at all for two vehicles. The State also introduced a video of the stop taken from Officer Craig's patrol car and a copy of the warning citation that the officer issued to Rodriguez.

After the State rested and after hearing argument from counsel, the circuit court denied Rodriguez's motion to suppress on the basis that Officer Craig had probable cause to believe that Rodriguez should have dimmed his headlights when approaching oncoming cars. The court further ruled that Rodriguez knowingly and intelligently gave his consent to the search of the vehicle.

After the circuit court's denial of his motion to suppress, Rodriguez entered a conditional plea to the charges, and the court sentenced him to concurrent terms of twenty-five years' imprisonment for possession of cocaine with intent to deliver, ten years' imprisonment for possession of methamphetamine, and ten years' imprisonment for possession of drug paraphernalia. On his conviction for possession of cocaine with intent to deliver, he also received twenty-five years' suspended imposition of sentence to run consecutively with the other sentences. Rodriguez timely filed his notice of appeal and now presents his argument for our review.

For the sole point on appeal, Rodriguez argues that the circuit court erred in denying his motion to suppress on the basis that Officer Craig stopped his vehicle

on a mistake of law. Rodriguez challenges Officer Craig's initial traffic stop by asserting that the officer lacked probable cause to believe that a traffic violation had been committed. Specifically, Rodriguez asserts that the officer misstated the distance requirements of the statute pertaining to the failure to dim headlights.

 Officer Craig issued a warning citation to Rodriguez pursuant to Arkansas Code Annotated section 27–36–211(1)(A) (Repl.2004), which provides that "[w]henever a driver of a vehicle approaches an oncoming vehicle within five hundred feet (500′), the driver shall use a distribution of light, or composite beam, so aimed that the glaring rays are not projected into the eyes of the oncoming driver." In order to make a traffic stop, a police officer must have probable cause to believe that the vehicle has violated a traffic law. *Sims* ₅*v. State*, 356 Ark. 507, 157 S.W.3d 530 (2004); *Laime v. State*, 347 Ark. 142, 60 S.W.3d 464 (2001). Probable cause is defined as "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected." *Burks v. State*, 362 Ark. 558, 559–60, 210 S.W.3d 62, 64 (2005). In assessing the existence of probable cause, our review is liberal rather than strict. *Laime, supra.* Whether a police officer has probable cause to make a traffic stop does not depend on whether the driver was actually guilty of the violation which the officer believed to have occurred. *Id.* In the context of traffic stops, the supreme court has "repeatedly held that the degree of proof sufficient to sustain a finding of probable cause is less than that required to sustain a conviction." *Burris v. State*, 330 Ark. 66, 73, 954 S.W.2d 209, 213 (1997).

 With regard to our standard of review, a trial court's decision to grant or deny a motion to suppress requires us to make an independent determination based on the totality of the circumstances, to review findings of historical facts for clear error, and to determine whether those facts give rise to reasonable suspicion or probable cause, while giving due weight to inferences drawn by the trial court. *Davis v. State*, 351 Ark. 406, 94 S.W.3d 892 (2003). We will reverse a trial court's ruling on a motion to suppress only if the ruling is clearly against the preponderance of the evidence. *Medlock v. State*, 79 Ark. App. 447, 89 S.W.3d 357 (2002). Due deference is given to the trial court's findings in the resolution of evidentiary conflicts and determinations of credibility. *Id.*

₆In support of his mistake-of-law argument, Rodriguez cites *Hinojosa v. State*, 103 Ark.App. 312, 288 S.W.3d 718 (2008), a case involving a traffic stop for the improper display of a license plate. There, Hinojosa argued that the officer lacked probable cause to make the stop because no traffic violation occurred. Rodriguez's argument, however, is misplaced because this court's decision in *Hinojosa* was recently overturned by the supreme court. *Hinojosa v. State*, 2009 Ark. 301, 319 S.W.3d 258. Furthermore, in *Hinojosa*, the supreme court noted that it previously rejected a mistake-of-law argument in *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998) (holding that the question of whether an officer had probable cause to make a traffic stop does not depend upon whether the defendant is actually guilty of the violation that was the basis of the stop). The supreme court's decision in *Hinojosa* instructs that the proper inquiry is whether there are "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected." *Hi-*

*nojosa,* 2009 Ark. 301, at 3, 319 S.W.3d 258.

Here, Officer Craig testified that he stopped Rodriguez's vehicle in the dark, early morning hours on a straight stretch of highway after witnessing Rodriguez's failure to dim his bright headlights for two approaching vehicles. Because appellant did not dim his lights at all on two occasions, the officer's misstatement about the statute's distance requirement makes no legal difference. Thus, we conclude that the traffic stop was lawful because Officer Craig had probable cause to believe that a traffic violation occurred when Rodriguez failed to dim his lights for oncoming vehicles.

For the foregoing reasons, as well as our standard of review, we hold that the circuit court properly denied Rodriguez's motion to suppress. Accordingly, we affirm the circuit court's ruling.

Affirmed.

PITTMAN and MARSHALL, JJ., agree.