

SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR–13–843

| | |
|---|---|
| DONNIE R. ROBINSON<br>APPELLANT | **Opinion Delivered** March 6, 2014 |
| V. | APPEAL FROM THE DREW<br>COUNTY CIRCUIT COURT<br>[NO. CR2011-127-1] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED; COURT OF APPEALS'<br>OPINION VACATED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

This court granted appellant Donnie R. Robinson's petition for review from a court of appeals' decision affirming the circuit court's denial of his motion to suppress evidence. For reversal, Robinson argues that the circuit court erred in denying his motion to suppress because a cracked lens on a taillight, causing a vehicle to display both white light and red light, is not sufficient to create probable cause to initiate a traffic stop. We affirm.

The facts underlying Robinson's arrest are undisputed. After a traffic stop, Trooper David Outlaw of the Arkansas State Police arrested Robinson and charged him with driving while intoxicated (DWI), refusing to submit to a chemical test, having a broken windshield, and having a broken taillight. He was convicted in district court of DWI, refusal to submit, having a broken windshield, and having defective equipment. He appealed to the circuit court and filed a motion to suppress, alleging that there was no

probable cause for the initial traffic stop and requesting that the court suppress evidence obtained as a result of the stop.

During a hearing on Robinson's motion to suppress, Trooper Outlaw testified that while traveling west on Highway 278, he encountered Robinson's Ford pickup truck. According to Trooper Outlaw, he observed that the passenger taillight was busted, so he stopped Robinson for that offense. Trooper Outlaw testified that, while he could not remember the exact statute that governed taillights, he was aware of a statute that addressed defective taillights. During cross-examination, Trooper Outlaw agreed that Robinson's taillight showed both white and red light and "part wasn't broken."

The circuit court denied Robinson's motion to suppress, finding that Trooper Outlaw had cause to believe that Robinson had committed a traffic offense in violation of Arkansas Code Annotated sections 27–36–215 and –216 and, thus, there was reasonable cause for the traffic stop. After a trial, a jury convicted Robinson of refusal to submit to a chemical test, but found him not guilty of DWI. The circuit court dismissed the broken-windshield and defective-equipment charges. The court sentenced Robinson to twelve months' suspended imposition of sentence. On appeal, Robinson challenges the circuit court's conclusion that Trooper Outlaw had probable cause to stop his vehicle. Specifically, Robinson maintains that because there is no Arkansas statute prohibiting a cracked taillight, Trooper Outlaw did not have probable cause to stop his vehicle.

On a petition for review, this court reviews the case as if the appeal had originally been filed in this court. *Thompson v. State*, 342 Ark. 365, 368, 28 S.W.3d 290, 292 (2000). Our standard of review for a trial court's decision to grant or deny a motion to suppress

2

requires us to make an independent determination based on the totality of the circumstances, to review findings of historical facts for clear error, and to determine whether those facts give rise to reasonable suspicion or probable cause, while giving due weight to inferences drawn by the trial court. *Holsombach v. State*, 368 Ark. 415, 421, 246 S.W.3d 871, 876 (2007).

The issue before this court is whether a partially broken taillight that displays both white light and red light creates probable cause to initiate a traffic stop. Arkansas Code Annotated sections 27-36-215 and 27-36-216 (Repl. 2008) set out the requirements for taillights, brake lights, and signal lights in Arkansas. Specifically, section 27-36-215 requires any motor vehicle registered in this state and manufactured or assembled after June 11, 1959, to be equipped with at least two (2) tail lamps mounted on the rear which, when lighted as required, "shall emit a red light plainly visible from a distance of five hundred feet (500') to the rear." Ark. Code Ann. § 27-36-215(a)(1)–(3). This statute does not contemplate a taillight that displays a white light in addition to a red light. Moreover, section 27-36-216 provides that no stop lamp or other signal lamp shall project a glaring light. Ark. Code Ann. § 27-36-216(e).

Apart from the requirements of sections 27-36-215 and 27-36-216, this court has a long line of precedent affirming that a defective taillight or brake light is sufficient to support a finding of probable cause to initiate a traffic stop. *Malone v. State*, 364 Ark. 256, 217 S.W.3d 810 (2005) (holding that there was nothing illegal about the initial traffic stop, which was based on a defective taillight); *Sims v. State*, 356 Ark. 507, 157 S.W.3d 530 (2004) (holding that there was nothing inherently unconstitutional or invalid about the

3

initial traffic stop where the officer observed that the left taillight and brake light of the appellant's vehicle was not functioning, in violation of Ark. Code Ann. § 27-36-216(a) & (b)); *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003) (holding that a pretextual traffic stop of appellant, whom the police officer suspected of engaging in illegal drug activity, on the basis that appellant had a broken brake light, did not violate our constitution's prohibition against unreasonable searches and seizures); *Burris v. State*, 330 Ark. 66, 72, 954 S.W.2d 209, 212 (1997) (holding that probable cause to initiate a traffic stop exists where the lens of a trailer's left taillight was partially broken causing it to shine white instead of red); *Enzor v. State*, 262 Ark. 545, 559 S.W.2d 148 (1977) (holding that a traffic stop was lawful and justified when the officer observed that one of the four brake lights on the appellant's vehicle was not operative)[1]; *Hileman v. State*, 259 Ark. 567, 535 S.W.2d 56 (1976) (holding that it cannot be said that the officer stopped the vehicle without probable cause when brake lights were not working).

---

[1]The dissent fails to acknowledge that in *Enzor*, the defendant had two working brake lights, one on each side of his vehicle. At the time of the defendant's stop, Arkansas Statutes Annotated section 75-711 (1975 Supp.), a predecessor to section 27-36-216, merely required at least two stop lamps. This court affirmed that the stop was lawful and justified inasmuch as Arkansas Statutes Annotated section 75-2108(1) (1975 Supp.), a predecessor to Arkansas Code Annotated section 27-32-101, provided that "uniform officers and troopers of the Department of Arkansas State Police . . . may, at any time, upon reasonable cause to believe that a motor vehicle is unsafe or not equipped as required by law or that its equipment is not in proper adjustment or repair, require the driver of such motor vehicle to stop and submit such vehicle to an inspection." *Enzor*, 262 Ark. at 548, 559 S.W.2d at 149–150. Because we find that there was probable cause to believe that Robinson violated section 27-36-215 or section 27-36-216, this court need not address whether a partially broken taillight is a safety violation sufficient to support a finding of probable cause under section 27-32-101. *See, e.g.*, *Villanueva v. State*, 2013 Ark. 70. However, the dissent is incorrect in stating that this court has always required a complete malfunction of a brake light or taillight assembly before finding that probable cause exists to initiate a traffic stop.

Furthermore, we have repeatedly held that the degree of proof sufficient to sustain a finding of probable cause is less than that required to sustain a criminal conviction. *Baxter v. State*, 324 Ark. 440, 922 S.W.2d 682 (1996). In order to make a valid traffic stop, a police officer must have probable cause to believe that a traffic law has been violated. *Laime v. State*, 347 Ark. 142, 60 S.W.3d 464 (2001). Probable cause is defined as "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected." *Burks v. State*, 362 Ark. 558, 559–60, 210 S.W.3d 62, 64 (2005). In assessing the existence of probable cause, our review is liberal rather than strict. *Brunson v. State*, 327 Ark. 567, 940 S.W.2d 440 (1997). Whether the defendant is actually guilty of the traffic violation is for a jury or a court to decide, and not an officer on the scene. *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998) (citing *Burris*, 330 Ark. 66, 954 S.W.2d 209 (1997)).[2] Thus, Robinson's argument that Trooper Outlaw could not have developed probable cause to initiate a traffic stop because Robinson did not violate any statute is unavailing.

Trooper Outlaw testified that the red lens on Robinson's taillight was broken in such a way that it emitted both white light and red light. Consequently, a person of

---

[2] The dissent makes a fundamental error in stating that there is no probable cause in the instant case because Robinson did not actually violate section 27-36-215 or section 27-36-216. The probable cause inquiry does not require that this court find that the defendant is guilty of the underlying offense for which he was charged. Whether Robinson is actually guilty of violating either of these statutes is simply not at issue in a probable cause hearing. While we acknowledge that criminal statutes are construed strictly, with doubts resolved in favor of the defendant, this court has never held, and does not hold today, that a defendant must actually be guilty of violating a traffic law before an officer can develop probable cause to initiate a traffic stop. The question of guilt is one for the jury or a court, not the officer. A probable-cause inquiry that requires an officer to have the foresight to know whether a driver will ultimately be convicted of a traffic offense before pulling that driver over is untenable.

reasonable caution could believe that Robinson had violated either the red-light requirements set out in section 27-36-215 or the prohibition against glaring lights found in section 27-36-216. However, this court need not decide whether such a crack results in a violation of one or either of these statutes because probable cause requires only that facts or circumstances within a police officer's knowledge be sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Travis*, 331 Ark. 7, 959 S.W.2d 32. In the present case, the fact that Robinson's taillight was visibly broken is sufficient probable cause to believe that he may have committed a traffic violation. Thus, the circuit court correctly concluded that there was probable cause for Officer Outlaw to stop Robinson.

Affirmed; court of appeals' opinion vacated.

DANIELSON, J., concurs.

HANNAH, C.J., and HART, J., dissent.

**PAUL E. DANIELSON, Justice, concurring.** I respectfully concur. Arkansas Code Annotated § 27-36-215 (Repl. 2008) requires, in pertinent part, that motor vehicles must be equipped with taillights that "shall emit a red light." Ark. Code Ann. § 27-36-215(a)(1). Where Robinson's taillight was emitting a white light *in addition to* the required red light, it is my opinion that such circumstances within Trooper Outlaw's knowledge were sufficient to permit a person of reasonable caution to believe that a violation of section 27-36-215 had been committed by Robinson. Accordingly, I cannot say that probable cause was lacking in the instant case, and I would affirm the circuit court's denial of Robinson's motion to suppress.

JOSEPHINE LINKER HART, Justice, dissenting. The majority makes a fundamental error of law in its construction of Arkansas Code Annotated section 27–36–215(a)(1)–(3), and a fundamental error of fact in its conclusion that Arkansas Code Annotated section 27–36–216(e) had anything whatsoever to do with this case. Therefore, I respectfully dissent.

The majority's mistake of law lies in its assertion that section 27–36–215(a)–(3) "does not contemplate a taillight that displays a white light in addition to a red light." This assertion violates our rules of statutory construction. We strictly construe criminal statutes, and statutes that are penal in nature, resolving any doubts in favor of the defendant. *Newman v. State*, 2011 Ark. 112, 380 S.W.3d 395. "Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed." *May Constr. Co. v. Town Creek Constr. & Dev., LLC*, 2011 Ark. 281 at 5, 383 S.W.3d 389, 392.

Section 27–36–215(a) states as follows:

(a)(1) Every motor vehicle, trailer, semitrailer, and pole trailer, and any other vehicle which is being drawn at the end of a train of vehicles, shall be equipped with at least one (1) tail lamp mounted on the rear, which, when lighted as required, shall emit a red light plainly visible from a distance of five hundred feet (500) to the rear.
. . .

(3) Every mentioned vehicle, other than a truck tractor, registered in this state and manufactured or assembled after June 11, 1959, shall be equipped with at least two (2) tail lamps mounted on the rear, on the same level and as widely spaced laterally as practicable, which, when lighted as required, shall comply with the provisions of this section.

While the requirement that the tail lamp "emit a red light" is clearly expressed, the

7

SLIP OPINION

prohibition against emitting white light that the majority ascribes to this section is nowhere to be found. The majority has "taken as intended" a prohibition against white light being emitted from a tail lamp that is not "clearly expressed." *See May Constr. Co.*, *supra*. Accordingly, the majority is simply wrong in concluding that a taillight that emitted both red and white light violates section 27–36–215(a).

Furthermore, the majority's "long line of precedent" does not support the majority's holding that Trooper Outlaw had probable cause to stop Mr. Robinson. All of the cases that the majority cites are factually distinguishable. In *Malone v. State*, 364 Ark. 256, 217 S.W.3d 810 (2005), the taillight in question was referred to as "broken" or "defective." The condition of the taillight that led to that conclusion was not an issue. In *Sims v. State*, 356 Ark. 507, 157 S.W.3d 530 (2004), the left taillight and brake light of the Tahoe that Sims was driving was "not functioning." In *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003), the right brake light on Harmon's truck was "not working." In *Burris v. State*, 330 Ark. 66, 72, 954 S.W.2d 209, 212 (1997), a trailer's left taillight was "partially broken causing it to shine white instead of red." In *Enzor v. State*, 262 Ark. 545, 559 S.W.2d 148 (1977), one of the two brake lights on the right rear of Enzor's vehicle was not functioning. Finally, in *Hileman v. State*, 259 Ark. 567, 535 S.W.2d 56 (1976), it was "undisputed" that Hileman's brake lights were not working.

As noted, only *Burris* involved a broken taillight lens, but unlike the case before us, the taillight was described as "emitting white instead of red." This distinction is not trivial. In order for a police officer to make a traffic stop, he must have probable cause to believe that the vehicle has violated a traffic law. *Sims*, *supra*. Probable cause exists when

8

the facts and circumstances within an officer's knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998). While an officer's mistake of law does not negate a finding of probable cause, that mistake must be reasonable. *Id.* It is not reasonable for a person to believe that there is a violation of a statute that requires a taillight to emit red light when that same person is aware—and admits in his testimony—that the taillight emitted red light.[1]

The majority's discussion of *Enzor* in its footnote merely compounds its mistake of law. As the majority notes, probable cause in *Enzor* arouse from a suspected violation of the statute that is now codified as Arkansas Code Annotated section 27–32–101. The State never argued to the circuit court that violation of section 27–32–101 was the basis for Trooper Outlaw developing probable cause to stop Robinson's vehicle.

It is noteworthy that the majority has failed to mention that after the hearing on Robinson's motion to suppress at which Trooper Outlaw could not recall which statute that he believed Robinson had violated, the circuit court instructed the parties to submit a trial brief. While the State could have asserted that Robinson's broken tail–light lense was a violation of section 27–32–101, it failed to do so, and in fact, that section was never mentioned. Likewise, section 27–32–101 was not mentioned in the circuit court's order denying Robinson's motion to suppress; it found probable cause that Robinson had violated sections 27–36–215 and 216.

---

[1]The majority's footnote alleging a "fundamental error" regarding this dissenting opinion's discussion of the existence of probable cause depending on Robinson's actual guilt is puzzling. No where in this dissent—save for this responsive footnote—is the word "guilt" or "guilty" used.

The majority's mistake of fact, though no less profound, is much simpler to discuss. The error lies in the majority's assertion that section 27–36–216 is applicable to the case before us. Trooper Outlaw never testified that Robinson's partially broken taillight emitted a "glaring light." Accordingly, without any factual basis, it is error to hold that there was probable cause to believe that section 27–36–216 was violated.

HANNAH, C.J., joins.

*John F. Gibson, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.