JOSEPHINE LINKER HART, Justice, dissenting. [7The majority makes a fundamental error of law in its construction of Arkansas Code Annotated section 27—36—215(a)(1)— (3), and a fundamental error of fact in its conclusion that Arkansas Code Annotated section 27-36-216(e) had anything whatsoever to do with this case. Therefore, I respectfully dissent. The majority’s mistake of law lies in its assertion that section 27-36-215(a)-(3) “does not contemplate a taillight that displays a white light in addition to a red light.” This assertion violates our rules of statutory construction. We strictly construe criminal statutes, and statutes that are penal in nature, resolving any doubts in favor of the defendant. Newman v. State, 2011 Ark. 112, 380 S.W.3d 395. “Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed.” May Constr. Co. v. Town Creek Constr. & Dev., LLC, 2011 Ark. 281 at 5, 383 S.W.3d 389, 392. Section 27-36-215(a) states as follows: (a)(1) Every motor vehicle, trailer, semitrailer, and pole trailer, and any other vehicle which is being drawn at the end of a train of vehicles, shall be equipped with at least one (1) tail lamp mounted on the rear, which, when lighted as required, shall emit a red light plainly visible from a distance of five hundred feet (500) to the rear. [[Image here]] (3) Every mentioned vehicle, other than a truck tractor, registered in this state and manufactured or assembled after June 11, 1959, shall be equipped with at least two (2) tail lamps mounted on the rear, on the same level and as widely spaced laterally as practicable, which, when lighted as required, shall comply with the provisions of this section. While the requirement that the tail lamp “emit a red light” is clearly expressed, the 1 ^prohibition against emitting white light that the majority ascribes to this section is nowhere to be found. The majority has “taken as intended” a prohibition against white light being emitted from a tail lamp that is not “clearly expressed.” See May Constr. Co., supra. Accordingly, the majority is simply wrong in concluding that a taillight that emitted both red and white light violates section 27-36-215(a). Furthermore, the majority’s “long line of precedent” does not support the majority’s holding that Trooper Outlaw had probable cause to stop Mr. Robinson. All of the cases that the majority cites are factually distinguishable. In Malone v. State, 364 Ark. 256, 217 S.W.3d 810 (2005), the taillight in question was referred to as “broken” or “defective.” The condition of the taillight that led to that conclusion was not an issue. In Sims v. State, 356 Ark. 507, 157 S.W.3d 530 (2004), the left taillight and brake light of the Tahoe that Sims was driving was “not functioning.” In State v. Harmon, 353 Ark. 568, 113 S.W.3d 75 (2003), the right brake light on Harmon’s truck was “not working.” In Burris v. State, 330 Ark. 66, 72, 954 S.W.2d 209, 212 (1997), a trailer’s left taillight was “partially broken causing it to shine white instead of red.” In Enzor v. State, 262 Ark. 545, 559 S.W.2d 148 (1977), one of the two brake lights on the right rear of Enzor’s vehicle was not functioning. Finally, in Hileman v. State, 259 Ark. 567, 535 S.W.2d 56 (1976), it was “undisputed” that Hileman’s brake lights were not working. As noted, only Burris involved a broken taillight lens, but unlike the case before us, the taillight was described as “emitting white instead of red.” This distinction is not trivial. In order for a police officer to make a traffic stop, he must have probable cause to believe that the vehicle has violated a traffic law. Sims, supra. Probable cause exists when |3the facts and circumstances within an officer’s knowledge are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. Travis v. State, 381 Ark. 7, 959 S.W.2d 32 (1998). While an officer’s mistake of law does not negate a finding of probable cause, that mistake must be reasonable. Id. It is not reasonable for a person to believe that there is a violation of a statute that requires a taillight to emit red light when that same person is aware—and admits in his testimony—that the taillight emitted red light.[1] The majority’s discussion of Enzor in its footnote merely compounds its mistake of law. As the majority notes, probable cause in Enzor arouse from a suspected violation of the statute that is now codified as Arkansas Code Annotated section 27-32-101. The State never argued to the circuit court that violation of section 27-32-101 was the basis for Trooper Outlaw developing probable cause to stop Robinson’s vehicle. It is noteworthy that the majority has failed to mention that after the hearing on Robinson’s motion to suppress at which Trooper Outlaw could not recall which statute that he believed Robinson had violated, the circuit court instructed the parties to submit a trial brief. While the State could have asserted that Robinson’s broken tail-light lense was a violation of section 27-32-101, it failed to do so, and in fact, that section was never mentioned. Likewise, section 27-32-101 was not mentioned in the circuit court’s order denying Robinson’s motion to suppress; it found probable cause that Robinson had violated sections 27-36-215 and 216. | mThe majority’s mistake of fact, though no less profound, is much simpler to discuss. The error lies in the majority’s assertion that section 27-36-216 is applicable to the case before us. Trooper Outlaw never testified that Robinson’s partially broken taillight emitted a “glaring light.” Accordingly, without any factual basis, it is error to hold that there was probable cause to believe that section 27-36-216 was violated. HANNAH, C.J., joins. . The majority’s footnote alleging a "fundamental error” regarding this dissenting opinion’s discussion of the existence of probable cause depending on Robinson's actual guilt is puzzling. No where in this dissent—save for this responsive footnote—is the word "guilt” or "guilty” used.