Argued and submitted December 13, 1990, reversed and remanded June 19, 1991

## STATE OF OREGON,
*Appellant,*

*v.*

## CONRADO SOTO GOMEZ,
*Respondent.*

## (90-504-C-3; CA A64686)

698 P2d 567

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Claudette L. Yost, Coquille, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant was indicted for manufacture, delivery and possession of a controlled substance in violation of ORS 475.992(1) and (4). He moved to suppress evidence that the police had seized pursuant to a search warrant on the grounds that the warrant did not describe with particularity the premises to be searched and that the affidavit did not establish probable cause, in part because it contained stale information. The court granted his motion, and the state appeals. ORS 138.060(3). We reverse.

The search warrant authorized a search of defendant's residence at 506 Bessie Street in Medford. The warrant described the premises to be searched as the western portion of a single-story wood frame duplex painted beige with dark brown trim, with the numbers "506" conspicuously painted and visible from the street. The warrant also included directions on how to get to the residence and a hand-drawn map that reflected those directions:

> "Said dwelling is located by travelling south on Crater Lake Avenue while within the city limits of Medford. Turn left (eastbound) on Spring Street. Continue eastbound on Spring Street to the fifth roadway on the rights [*sic*], this being Bessie Street. Turn right (southbound) on Bessie Street, and said residence is the ninth residence on the left."

The directions and the map were inaccurate, although the address and the building description were accurate. The warrant was issued on February 6 and executed on February 9, 1990.

Defendant's motion alleges that the warrant gave an inaccurate description of the premises. It also asserts that the information in the affidavit was stale and did not establish probable cause to search, because "the only direct knowledge presented in the affidavit to support the warrant are [*sic*] the officer's observations on September 22, 1989, and an informant seeing a small amount of cocaine on the defendant's premises on February 6, 1989 [*sic*]." The court based its ruling on the inaccurate directions and map and did not address the question of probable cause or the staleness of the affidavit information. The court ruled in favor of defendant,

because it found the warrant to be insufficiently particular in its description of the place to be searched.

■ ■    A description in a search warrant is sufficiently particular if an officer can, with reasonable effort, ascertain the identity of the place to be searched. *State v. Blackburn/ Barber,* 266 Or 28, 35, 511 P2d 381 (1973); *see also State v. Ingram,* 104 Or App 389, 403, 802 P2d 656 (1990) (Richardson, J., concurring), *rev allowed* 311 Or 266 (1991). Even though the map and the directions that the warrant contained were incorrect, the warrant satisfied the statutory requirement of particularity.[1] Because the warrant contained the correct address and an accurate physical description of the place to be searched, the executing officer could have located the house to be searched from the information contained in the warrant.[2] The court erred in holding the warrant to be insufficiently particular.

■    Defendant argues that the affidavit does not set forth the basis of the informants' knowledge or facts showing their veracity and reliability, as required by ORS 133.545(4). That information is provided with respect to the informant who claimed to have visited defendant recently and to have seen drugs at his home. The informant also said that defendant mentioned "that there are much larger amounts of cocaine on hand for sale upon request." The basis of knowledge is personal experience; the informant's reliability is well attested in the affidavit.

■    Defendant concedes that the material in the affidavit would establish probable cause if the information were not

---

[1] Defendant does not argue that the particularity requirements in ORS 133.565(2)(b), Article I, section 9, and the Fourth Amendment are different. *See State v. Ingram, supra.*

[2] In *State v. Davis,* 106 Or App 546, 809 P2d 125 (1991), we held that the warrant was invalid because it was inaccurate. There, the warrant stated an inaccurate street address for the house to be searched. It did give an accurate physical description of the house — "a green single-story house," but that description was inadequate to permit the executing officer to locate the correct residence. We held that the executing officer could not rely on his personal knowledge of the correct street address to cure the erroneous description. His authority to search was wholly circumscribed by the warrant. Without going beyond the face of the warrant, the officer could not have found the intended premises. Here, however, the street address and physical description were correct. The executing officer would have known which house to search without relying on his personal knowledge, even though the directions to the house were inaccurate.

stale. It is apparent on the face of the affidavit that the date given for the conversation with an informant, February 6, 1989, is a typographical error. The affidavit recites that the informant "has been inside of 506 Bessie Street within the last seventy-two hours." That could only mean that the conversation had taken place within three days before the affidavit was made. The affidavit also states that the officer had known the informant for approximately a month, also showing that the correct date of the conversation was February 6, 1990, not February 6, 1989. The information in the affidavit was not stale. The affidavit established probable cause.

Reversed and remanded.