COURTNEY HUDSON GOODSON, Associate Justice. |, This court granted appellant Donnie R. Robinson’s petition for review from a court of appeals’ decision affirming the circuit court’s denial of his motion to suppress evidence. For reversal, Robinson argues that the circuit court erred in denying his motion to suppress because a cracked lens on a taillight, causing a vehicle to display both white light and red light, is not sufficient to create probable cause to initiate a traffic stop. We affirm. The facts underlying Robinson’s arrest are undisputed. After a traffic stop, Trooper David Outlaw of the Arkansas State Police arrested Robinson and charged him with driving while intoxicated (DWI), refusing to submit to a chemical test, having a broken windshield, and having a broken taillight. He was convicted in district court of DWI, refusal to submit, having a broken windshield, and having defective equipment. He appealed to the circuit court and filed a motion to suppress, alleging that there was no | ^probable cause for the initial traffic stop and requesting that the court suppress evidence obtained as a result of the stop. During a hearing on Robinson’s motion to suppress, Trooper Outlaw testified that while traveling west on Highway 278, he encountered Robinson’s Ford pickup truck. According to Trooper Outlaw, he observed that the passenger taillight was busted, so he stopped Robinson for that offense. Trooper Outlaw testified that, while he could not remember the exact statute that governed taillights, he was aware of a statute that addressed defective taillights. During cross-examination, Trooper Outlaw agreed that Robinson’s taillight showed both white and red light and “part wasn’t broken.” The circuit court denied Robinson’s motion to suppress, finding that Trooper Outlaw had cause to believe that Robinson had committed a traffic offense in violation of Arkansas Code Annotated sections 27-36-215 and -216 and, thus, there was reasonable cause for the traffic stop. After a trial, a jury convicted Robinson of refusal to submit to a chemical test, but found him not guilty of DWI. The circuit court dismissed the broken-windshield and defective-equipment charges. The court sentenced Robinson to twelve months’ suspended imposition of sentence. On appeal, Robinson challenges the circuit court’s conclusion that Trooper Outlaw had probable cause to stop his vehicle. Specifically, Robinson maintains that because there is no Arkansas statute prohibiting a cracked taillight, Trooper Outlaw did not have probable cause to stop his vehicle. On a petition for review, this court reviews the case as if the appeal had originally been filed in this court. Thompson v. State, 342 Ark. 365, 368, 28 S.W.3d 290, 292 (2000). Our standard of review for a trial court’s decision to grant or deny a motion to suppress | ..¡requires us to make an independent determination based on the totality of the circumstances, to review findings of historical facts for clear error, and to determine whether those facts give rise to reasonable suspicion or probable cause, while giving due weight to inferences drawn by the trial court. Holsombach v. State, 368 Ark. 415, 421, 246 S.W.3d 871, 876 (2007). The issue before this court is whether a partially broken taillight that displays both white light and red light creates probable cause to initiate a traffic stop. Arkansas Code Annotated sections 27-36-215 and 27-86-216 (Repl.2008) set out the requirements for taillights, brake lights, and signal lights in Arkansas. Specifically, section 27-36-215 requires any motor vehicle registered in this state and manufactured or assembled after June 11, 1959, to be equipped with at least two (2) tail lamps mounted on the rear which, when lighted as required, “shall emit a red light plainly visible from a distance of five hundred feet (500’) to the rear.” Ark.Code Ann. § 27-36-215(a)(l)-(3). This statute does not contemplate a taillight that displays a white light in addition to a red light. Moreover, section 27-36-216 provides that no stop lamp or other signal lamp shall project a glaring light. Ark.Code Ann. § 27-36-216(e). Apart from the requirements of sections 27-36-215 and 27-36-216, this court has a long line of precedent affirming that a defective taillight or brake light is sufficient to support a finding of probable cause to initiate a traffic stop. Malone v. State, 364 Ark. 256, 217 S.W.3d 810 (2005) (holding that there was nothing illegal about the initial traffic stop, which was based on a defective taillight); Sims v. State, 356 Ark. 507, 157 S.W.3d 530 (2004) (holding that there was nothing inherently unconstitutional or invalid about the | ¿initial traffic stop where the officer observed that the left taillight and brake light of the appellant’s vehicle was not functioning, in violation of Ark.Code Ann. § 27-36-216(a) & (b)); State v. Harmon, 353 Ark. 568, 113 S.W.3d 75 (2003) (holding that a pretextual traffic stop of appellant, whom the police officer suspected of engaging in illegal drug activity, on the basis that appellant had a broken brake light, did not violate our constitution’s prohibition against unreasonable searches and seizures); Burris v. State, 330 Ark. 66, 72, 954 S.W.2d 209, 212 (1997) (holding that probable cause to initiate a traffic stop exists where the lens of a trailer’s left taillight was partially broken causing it to shine white instead of red); Enzor v. State, 262 Ark. 545, 559 S.W.2d 148 (1977) (holding that a traffic stop was lawful and justified when the officer observed that one of the four brake lights on the appellant’s vehicle was not operative)[1]; Hileman v. State, 259 Ark. 567, 535 S.W.2d 56 (1976) (holding that it cannot be said that the officer stopped the vehicle without probable cause when brake lights were not working). | .^Furthermore, we have repeatedly held that the degree of proof sufficient to sustain a finding of probable cause is less than that required to sustain a criminal conviction. Baxter v. State, 324 Ark. 440, 922 S.W.2d 682 (1996). In order to make a valid traffic stop, a police officer must have probable cause to believe that a traffic law has been violated. Laime v. State, 347 Ark. 142, 60 S.W.3d 464 (2001). Probable cause is defined as “facts or circumstances within a police officer’s knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected.” Burks v. State, 362 Ark. 558, 559-60, 210 S.W.3d 62, 64 (2005). In assessing the existence of probable cause, our review is liberal rather than strict. Brunson v. State, 327 Ark. 567, 940 S.W.2d 440 (1997). Whether the defendant is actually guilty of the traffic violation is for a jury or a court to decide, and not an officer on the scene. Travis v. State, 331 Ark. 7, 959 S.W.2d 32 (1998) (citing Burris, 330 Ark. 66, 954 S.W.2d 209 (1997)).[2] Thus, Robinson’s argument that Trooper Outlaw could not have developed probable cause to initiate a traffic stop because Robinson did not violate any statute is unavailing. Trooper Outlaw testified that the red lens on Robinson’s taillight was broken in such a way that it emitted both white light and red light. Consequently, a person of treasonable caution could believe that Robinson had violated either the red-light requirements set out in section 27-36-215 or the prohibition against glaring lights found in section 27-36-216. However, this court need not decide whether such a crack results in a violation of one or either of these statutes because probable cause requires only that facts or circumstances within a police officer’s knowledge be sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. Travis, 331 Ark. 7, 959 S.W.2d 32. In the present case, the fact that Robinson’s taillight was visibly broken is sufficient probable cause to believe that he may have committed a traffic violation. Thus, the circuit court correctly concluded that there was probable cause for Officer Outlaw to stop Robinson. Affirmed; court of appeals’ opinion vacated. DANIELSON, J., concurs. HANNAH, C.J., and HART, J., dissent. . The dissent makes a fundamental error in stating that there is no probable cause in the instant case because Robinson did not actually violate section 27-36-215 or section 27-36-216. The probable cause inquiry does not require that this court find that the defendant is guilty of the underlying offense for which he was charged. Whether Robinson is actually guilty of violating either of these statutes is simply not at issue in a probable cause hearing. While we acknowledge that criminal statutes are construed strictly, with doubts resolved in favor of the defendant, this court has never held, and does not hold today, that a defendant must actually be guilty of violating a traffic law before an officer can develop probable cause to initiate a traffic stop. The question of guilt is one for the juiy or a court, not the officer. A probable-cause inquiry that requires an officer to have the foresight to know whether a driver will ultimately be convicted of a traffic offense before pulling that driver over is untenable.