
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–16–286

| | | |
|---|---|---|
| | | Opinion Delivered: SEPTEMBER 28, 2016 |
| ALAN C. BATHRICK | APPELLANT | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NO. 68CR-15-12] |
| V. | | |
| | | HONORABLE HAROLD S. ERWIN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Appellant Alan C. Bathrick entered a conditional guilty plea to possession of marijuana with the purpose to deliver and possession of drug paraphernalia, for which he received ten-year and six-year suspended impositions of sentence. Upon entering the conditional plea, Mr. Bathrick reserved in writing the right to appeal and challenge the trial court's denial of his motion to suppress evidence pursuant to Rule 24.3(b) of the Arkansas Rules of Criminal Procedure. In this appeal, Mr. Bathrick argues that his motion to suppress the incriminating evidence should have been granted because there was no probable cause to issue the warrant to search his house. We agree, and we reverse and remand.

When reviewing a trial court's denial of a motion to suppress evidence, the appellate court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to the inferences drawn by the

trial court. *Pickering v. State*, 2012 Ark. 280, 412 S.W.3d 143. A finding is clearly erroneous when, even if there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* We defer to the trial court's superior position in determining the credibility of the witnesses and resolving any conflicts in the testimony. *Id.*

On February 5, 2015, Officer Jimmy Bennett swore out an affidavit in support of a warrant to search Mr. Bathrick's residence. The facts establishing the grounds for issuance of the search warrant were stated, in pertinent part, as follows:

> On *11/05/2015* Affiant conducted an interview with confidential informant (CI) regarding the distribution of marijuana in Sharp County. CI states that on *11/04/2015* traveled to 7 Arapaho Drive in Cherokee Village to meet Allen Bathrick regarding the purchase of marijuana. CI states that he/she traveled to the residence to purchase two (2) ounces of marijuana. CI states that while at the house Bathrick stated that he did not have the amount the CI needed, but that he would be getting more the next day and would have two (2) ounces then. CI states that there were approximately five (5) grams of marijuana in the residence at the time. CI states that Bathrick has been a supplier of marijuana to CI for the past four (4) months supplying approximately six (6) grams every two (2) weeks. (emphasis added).

Based on the information in the affidavit, a search warrant was issued on February 5, 2015, for the search of Mr. Bathrick's house and any vehicles on the property. On the same day, the police searched Mr. Bathrick's house and his truck, finding and seizing quantities of packaged marijuana and various items of drug paraphernalia. After Mr. Bathrick's arrest, he was interviewed by the police and admitted that he had been selling marijuana out of his house.

After being charged with the felony drug offenses, Mr. Bathrick filed two motions to suppress. The affidavit that was the basis for the warrant indicated that the CI supplied information on November 4, 2015, and November 5, 2015. These two dates were nine

months *after* the date the warrant was issued on February 5, 2015. Clearly, the dates in the affidavit are incorrect. In the first motion, Mr. Bathrick argued that the affidavit indicated that the incriminating information was supplied by the CI on November 4 and 5 of 2014, which was three months prior to the search and was too stale to constitute probable cause.[1] In Mr. Bathrick's second motion to suppress, he argued that the dates given in the affidavit reflected that the CI's information was given to the police on November 4 and 5, 2015, which was several months *after* the search warrant was applied for and issued. Mr. Bathrick asserted that the judge should have noted or made further inquiry about the incorrect dates, and that by failing to do so prior to issuance of the search warrant, the judge abdicated his role as a neutral and detached judicial officer. On these grounds, Mr. Bathrick asked for suppression of the physical evidence seized from his property, as well as his subsequent custodial statement because it was "fruit of the poisonous tree."

Separate hearings were held on each of Mr. Bathrick's motions to suppress. At the first hearing, the prosecutor argued that the November 4, 2015 date identified in the affidavit for search warrant was a typographical error and that the actual date when the CI observed marijuana in Mr. Bathrick's house was February 4, 2015, which was the day before the search warrant was issued and executed. The trial court agreed, and it denied Mr. Bathrick's first motion to suppress, stating that there was a misprision in the affidavit and that there was no issue of staleness. At the conclusion of the second hearing, the trial court denied Mr. Bathrick's second motion to suppress, again stating that there was a misprision in the affidavit regarding the relevant dates.

---

[1] The actual dates identified in the affidavit were November 4 and 5 of 2015.

On appeal, Mr. Bathrick argues that there was no probable cause to issue the search warrant and that the search violated the Fourth Amendment to the U.S. Constitution, Article 2, Section 15 of the Arkansas Constitution, and Rule 13.1 of the Arkansas Rules of Criminal Procedure. We agree that the trial court clearly erred in finding probable cause to support the search warrant, and we therefore hold that the trial court erred in failing to suppress the evidence.

Rule 13.1, which provides the guidelines to issuing search warrants, provides in relevant part:

(a) A search warrant may be issued only by a judicial officer.
(b) The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it described circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

    . . . .

(d) Before acting on the application, the judicial officer may examine on oath the affiants or witnesses, and the applicant and any witnesses he may produce, and may himself call such witnesses as he deems necessary to a decision. He shall make and keep a fair written summary of the proceedings and the testimony taken before him, except that if sworn testimony alone is offered in support of the application, such testimony shall be recorded pursuant to subsection (b) hereof.
(e) If the judicial officer finds that the application meets the requirements of this rule and that, on the basis of the proceedings before him, there is reasonable cause to believe that the search will discover persons or things specified in the application and

subject to seizure, he shall issue a search warrant based on his finding and in accordance with the requirements of this rule. If he does not so find, the judicial officer shall deny the application.

The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and bases of knowledge of persons supplying the hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Coggin v. State*, 356 Ark. 424, 156 S.W.3d 712 (2004). The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Id.* In *Johnson v. State*, 2015 Ark. 387, 427 S.W.3d 486, the supreme court stated that our review of probable cause for the issuance of a warrant is confined to the information contained in the affidavit as that was the only information before the magistrate when he issued the warrant.

On this record we cannot conclude that the affidavit for search warrant set forth facts and circumstances establishing probable cause to believe that things subject to seizure would be found in Mr. Bathrick's house. This is because the affidavit represented that the CI observed these items on November 4, 2015, and that the affiant had interviewed the CI regarding his observations on November 5, 2015, which was nine months after the affidavit was sworn out on February 5, 2015. The trial court and the State characterize the inaccurate dates given in the affidavit as a scrivener's error or a misprision. Although the dates were clearly incorrect, the trial court had no basis upon which to determine which dates were intended in place of the incorrect dates in the affidavit. There was no evidence that, when confronted with the erroneous dates in the affidavit, the issuing magistrate took any

testimony to clear up the discrepancy.  Nor was there any testimony presented at either of the suppression hearings.  The trial court's conclusion that the intended dates were the day before and the day of the application for search warrant was mere speculation.

In *Collins v. State*, 280 Ark. 453, 658 S.W.2d 877 (1983), the supreme court held that some mention of time must be included in the affidavit for a search warrant.  Time is crucial because a magistrate must know that criminal activity or contraband exists where the search is to be conducted at the time of the issuance of the warrant, not that it may have been there weeks or months before.  *Id*.  Before a search is ordered it must be shown or be easily discernible when the contraband was seen or the illegal activity occurred.  *Id*.  In the present case, it is impossible to ascertain from the affidavit when the CI allegedly observed marijuana in Mr. Bathrick's home, and therefore the affidavit was insufficient to support the issuance of the search warrant.

In its brief to this court, the State urges that even if the scrivener's error in the affidavit rendered it defective, we nonetheless can affirm the denial of appellant's motion to suppress based on the good-faith exception to the exclusionary rule as announced by the supreme court in *United States v. Leon*, 468 U.S. 897 (1984).  In *Leon*, the United States Supreme Court fashioned a good-faith exception to the requirement of a valid warrant so that suppression of evidence would not be appropriate when a law enforcement officer acted in good-faith reliance on a facially valid warrant.  The test for determining when the good–faith exception applies is whether it was objectively reasonable for a well-trained police officer to conclude that the search was supported by probable cause.  *Id*.

We conclude that the good-faith exception does not apply to these facts because there was no testimony by any officer either before the issuing magistrate or at either of the suppression hearings. Instead, the only information presented to the trial court at the suppression hearings was contained in the affidavit itself. This court may go beyond the four corners of an affidavit and consider testimony to determine whether the officers executing the search warrant did so in objective good-faith reliance on the judge's finding of probable cause to issue the search warrant, and we may also consider information known to the executing officers that may or may not have been communicated to the issuing judge. *Moya v. State*, 335 Ark. 193, 981 S.W.2d 521 (1998). Here, however, neither the trial court nor this court has evidence from which to determine whether the officers executing the search were acting in good faith. Therefore, the crucial defect in the affidavit could not be saved by the good-faith exception.

For the foregoing reasons, we hold that the trial court erred in denying appellant's motion to suppress. This includes suppression of the physical evidence seized without probable cause, as well as the statement appellant gave to the police after he was arrested incident to the unlawful search and seizure. We exclude the statement pursuant to the Supreme Court's decision in *Wong Sun v. United States*, 371 U.S. 471 (1963), where the Supreme Court held that the "fruit of the poisonous tree" doctrine provides that evidence obtained by the exploitation of the primary illegality must be excluded. We reverse and remand with directions that the seized evidence and statement be suppressed and that Mr. Bathrick be allowed to withdraw his guilty plea pursuant to Arkansas Rule of Criminal Procedure 24.3(b).



Reversed and remanded.

VAUGHT and BROWN, JJ., agree.

*R. K. Starken*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.