SLIP OPINION

Cite as 2016 Ark. App. 551

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-272

| | |
|---|---|
| JIMMY LEE PRICKETT | Opinion Delivered NOVEMBER 16, 2016 |
| APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-15-78-3] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

Jimmy Lee Prickett was convicted by a Drew County jury of possession of a controlled substance (methamphetamine), simultaneous possession of drugs and firearms, and possession of a firearm by certain persons with evidence obtained during a traffic stop. He was sentenced to a total of thirty years in the Arkansas Department of Correction. Prior to trial, Prickett filed a motion to suppress evidence found during the traffic stop, which was denied. On appeal, Prickett contends the trial court erred in denying this motion, arguing the evidence was unlawfully obtained because the officer lacked probable cause to make the stop. We affirm the denial of Prickett's motion to suppress.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court and proper

deference to the circuit court's findings. *Duke v. State*, 2016 Ark. App. 402. We reverse the circuit court's ruling only if it is clearly against the preponderance of the evidence. *Id.*

At the hearing on Prickett's motion to suppress, Monticello police officer James Slaughter testified he saw Prickett driving a vehicle on July 23, 2015, and pulled him over because he knew Prickett's driver's license was suspended. He testified that, two weeks prior to pulling Prickett over, he had learned by radio traffic that another officer had pulled Prickett over, at which time it was determined that Prickett's driver's license was suspended; Officer Slaughter further stated that on July 22, the day before he pulled Prickett over, he had seen Prickett driving, confirmed that Prickett's license was still suspended, but was unable to initiate a stop before Prickett pulled into a driveway and entered a house. He testified that, on the day he stopped Prickett, he informed Prickett he was under arrest for driving on a suspended license and then verified that Prickett's license was still suspended.

According to Officer Slaughter, Prickett gave him consent to search the vehicle, and when he opened the door, he saw the handle of a small pistol between the driver's seat and the console, as well as a piece of paper rolled into a straw with white residue in it he believed to be methamphetamine on top of the console. Inside the console, Officer Slaughter found a clear baggie tied into a knot containing a white crystal-like substance that appeared to be methamphetamine, as well as a flashlight with a white residue in the battery compartment.

On cross-examination, Officer Slaughter admitted the sole reason he pulled Prickett over was for driving on a suspended license, and he did not check the status of Prickett's license prior to stopping him for that reason. He further acknowledged he did not mention

in his report he had confirmed the suspension of Prickett's driver's license on two prior recent occasions.

The circuit court denied Prickett's motion to suppress. The case then proceeded to trial, where Prickett was convicted of the above drug and firearm offenses and acquitted on the offense of driving on a suspended license.

On appeal, Prickett challenges the denial of his motion to suppress the evidence that he contends was illegally obtained during the traffic stop, arguing that Officer Slaughter did not have reasonable suspicion to stop him for driving on a suspended license because Officer Slaughter did not verify with dispatch that his license was still suspended before pulling him over; that it was only after stopping Prickett and informing him he was under arrest that Officer Slaughter confirmed Prickett's license was still suspended.

In order to make a valid traffic stop, an officer must have probable cause to believe there has been a violation of a traffic law. *Robinson v. State*, 2014 Ark. 101, 431 S.W.3d 877. Probable cause is defined as "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected." *Id.* at 5, 431 S.W.3d at 880. The degree of proof needed to sustain a finding of probable cause is less than the proof needed to sustain a criminal conviction; in assessing whether probable cause exists, the appellate review is liberal rather than strict. *Id.* Whether a defendant is actually guilty of the traffic violation is for a jury or court—not the officer on the scene—to determine. *Id.* Under these parameters, Prickett's argument that Officer Slaughter did not have probable cause to stop him is unavailing.

It is a misdemeanor for a person to operate a motor vehicle during a period in which his driving privilege is suspended. Ark. Code Ann. § 5-65-105 (Repl. 2016). In the two weeks prior to pulling Prickett over for driving on a suspended license, Officer Slaughter had twice verified Prickett's license was suspended, with the last verification being the day before Prickett was pulled over and arrested. Under our standard of review, we hold that Officer Slaughter had reasonable cause to believe Prickett's license was still suspended one day after he had verified the suspension. A belief that Prickett was still committing a traffic violation by driving on a suspended license was all that was required for Officer Slaughter to have had sufficient probable cause to initiate a traffic stop. *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998). Because Officer Slaughter had probable cause to stop Prickett, we affirm the circuit court's denial of Prickett's motion to suppress.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Timothy R. Leonard*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.