[J-90-2017][M.O. - Mundy, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 122 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellee | : | Court at 1231 MDA 2015 dated 6/1/16 |
| | : | (reargument denied 8/11/16), affirming |
| | : | the order of the Lancaster County Court |
| | : | of Common Pleas, Criminal Division, at |
| v. | : | No. CP-36-CR-0002136-2014 dated |
| | : | 7/16/15 |
| ERIC JAY LEED, | : | |
| | : | |
| Appellant | : | ARGUED: November 29, 2017 |

## DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**                                    **DECIDED: June 1, 2018**

I agree with the general notion that a material error in an affidavit will not invalidate the finding of probable cause to support a search warrant, so long as the other statements in the affidavit make clear the substance of the mistake. *See* Majority Opinion, *slip op.* at 15-16.[1] However, I differ with the majority's application of this precept to the present circumstances, as I do not believe the affidavit here presents "enough internal, specific, and direct evidence from which to infer a clear mistake." *Id.* at 20 (quoting *Greenstreet v. State*, 898 A.2d 961, 973-74 (Md. 2006)).[2]

---

[1] I also agree with the majority that the prior tribunals' decisions did not rely on the improper testimony of the affiant officer. *See id.* at 18 n.10.

[2] Parenthetically, there may be some concern regarding the appropriate deference, if any, to afford a determination of probable cause in circumstances in which the (continued…)

In particular, I find the majority's chronology-based rationale for altering the date of the dog sweep problematic, since the relevant portions of the affidavit do not, in fact, follow a distinct timeline. Although paragraphs three through eight appear in chronological order, paragraph nine patently does not, since it recalls the police canine's training from 2008 to 2012. *See* Affidavit of Probable Cause ¶¶3-9. Paragraph ten, which contains the purported drafting mistake and substantively relates to the preceding paragraph, immediately follows this disruption to the chronology, and, as written, also does not align with the chronology of the other paragraphs. Thus, in the absence of specific or direct evidence of an intended linear timeline, the chronology rationale seems to rely on speculation insofar as it requires the inference that the year was mistakenly recorded predicated on the assumption that the affidavit was drafted in strict chronological format, while also discounting an intervening paragraph that interrupts the purported timeline.

Notably, the *Greenstreet* court likewise rejected a chronology-based reasoning. The court explained that the probability that the affidavit was constructed in chronological order, even coupled with other facts suggestive of an error, did not "present[] enough internal, specific, and direct evidence from which to infer a clear mistake of a material date." *Greenstreet*, 898 A.2d at 973-74 (alteration added). In that

---

(…continued)
Commonwealth effectively concedes that the affidavit contains substantive misinformation. *See, e.g.*, *id.* at 11 (citing *Illinois v. Gates*, 462 U.S. 213, 236, 103 S. Ct. 2317, 2331 (1983)). One court provides the following reasoning in favor of a *de novo* standard of review when information is excised or redacted from an affidavit on appeal: "As a matter of logic and common sense, a reviewing court cannot defer to a magistrate's consideration of an application for search warrant that the magistrate in effect did not review." *State v. St. Marks*, 59 P.3d 1113, 1117 (Mont. 2002) (citation and alteration omitted). Arguably, a similar rationale should apply in these circumstances, where the Commonwealth advocates for examining substantively different facts than those stated in the affidavit. However, this concern is not presently before this Court.

court's view, these indicators of mistake were not of the "caliber of direct information that should be accepted as a contradiction of a precise material date giving rise to probable cause, such as, for example, a statement that 'yesterday' affiant collected the said trash bags, or that the trash collected contained a financial statement dated" in contradiction to the allegedly erroneous date. *Id.* at 973 n.2.[3] The court noted that its conclusion did not result from a hypertechnical reading or the abandonment of commonsense, but instead observed that the stated facts in the affidavit did not allow it to "conclude with certainty that the date was in fact simply an error." *Id.* at 974. Such reasoning, the court explained, was necessary to maintain the judiciary's role as a detached and neutral arbiter. *See id.*

As in *Greenstreet*, there is nothing appearing on the face of the affidavit here that provides specific and direct evidence that the March 21, 2013 date of the dog sweep is clearly mistaken. The Commonwealth proffered at oral argument that there was a conflict between the date of the dog sniff and the date Appellant began leasing the storage unit. However, there is no facial contradiction with a sweep of the storage

---

[3] Decisions from other jurisdictions reflect similar reasoning. *State v. Gomez*, 813 P.2d 567, 569 (Or. 1991) (permitting alteration of a material date on the basis that the affidavit also indicated the conduct at issue had occurred "within the last seventy-two hours" and that the affiant had known the informant for approximately one month); *People v. Lubben*, 739 P.2d 833, 836 (Colo. 1987) (acknowledging the "common practice to use 'within a certain number of hours' of the date of the affidavit" in support of correcting a date four days later than the day the affidavit was submitted); *cf. Lane v. State*, 971 S.W.2d 748, 753–54 (Tex. App. 1998) (noting that references to the "prior" execution of a search warrant on a date certain, along with an informant's statements regarding present and future conduct and recognition that people commonly continue to write the prior year during the month of January, were sufficient indications of the error and the accurate date); *State ex rel. Collins v. Superior Court of State of Ariz., In & For Maricopa Cty.*, 629 P.2d 992, 993–94 (Ariz. 1981) (altering a reference to the date of the alleged crime that indicated it occurred in the future, when the affidavit otherwise provided the correct date).

lockers on March 21, 2013, and Appellant's lease beginning later that same year; both can be true, albeit that such facts significantly diminish the pertinence of the dog sniff with respect to establishing probable cause against Appellant. Nevertheless, it seems evident that a reviewing court cannot, consistent with its constitutional role as neutral arbiter, reform facts on the basis that, as stated, they fail to support a finding of probable cause. To the degree that a court may nonetheless perceive a conflict with these dates, neither the purported contradiction nor any other facts in the affidavit clarifies which of these two dates may be mistaken. *See Bathrick v. State*, 504 S.W.3d 639, 643-44 (Ark. Ct. App. 2016) ("Although the dates were clearly incorrect, the trial court had no basis upon which to determine which dates were intended in place of the incorrect dates in the affidavit."). Stated otherwise, it is equally possible that the affiant mistakenly indicated that Appellant began renting in August *2013*, rather than August *2012*, a potential error which could also be viewed as aligning with CI#1's claim that Appellant sold large quantities of drugs around that time, *i.e.*, September 2012.[4]

Accordingly, I do not believe that the affidavit in this instance contains the caliber of specific and direct evidence from which it can be concluded that the March 21, 2013 date stated for the dog sweep was mistaken and may be changed to March 21, 2014.

---

[4] The majority's observation that Appellant presently does not dispute that he began renting the unit in August 2013 misses the point. *See* Majority Opinion, *slip op.* at 21 n.12 (citing Brief for Appellant at 2, 13). The issue here is not which date may be demonstrably correct in the *post hoc* appellate framework; rather, the above hypothetical merely reflects that there is nothing within the four corners of the affidavit from which a reviewing official could conclude that the March 21, 2013 date was incorrect or from which to assess the correct date, even assuming a perceived conflict in the dates as stated. This perspective comports with Appellant's advocacy. *See* Brief for Appellant at 33 ("[A]ny objectively reasonable assertion that the issuing authority, or the reviewing courts, could surmise that the stale date at issue was a misprision and/or that the correct date was the date the warrant was executed, would only be mere speculation without the courts considering information beyond the four corners of the affidavit." (quotation marks omitted)).

Altering particularly stated facts in these circumstances would seem to implicate the kind of speculation and conjecture that is prohibited by Fourth Amendment jurisprudence. *See Commonwealth v. One 1958 Plymouth Sedan (Plaza)*, 418 Pa. 457, 466, 211 A.2d 536, 540 (1965). Thus, I would reverse the Superior Court's decision.

Justices Todd and Donohue join this dissenting opinion.