Cite as 2022 Ark. App. 53

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–21–378

| | |
|---|---|
| GAYNELL BAKER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 2, 2022<br><br>APPEAL FROM POPE COUNTY CIRCUIT COURT<br>[NO. 58CR-19-1086]<br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Gaynell Baker appeals from a conditional plea of guilty to misdemeanor DWI. She claims that the Pope County Circuit Court erred in denying her motion to suppress evidence. We disagree and affirm her conviction.

On the night of July 12, 2019, Deputy Coleman arrested Baker for driving while intoxicated. She entered a plea of no contest in Russellville District Court and appealed the conviction to the circuit court. On October 30, 2020, Baker moved to suppress evidence obtained as a result of the traffic stop, arguing that Deputy Coleman lacked probable cause to initiate the stop. At the suppression hearing, Deputy Coleman testified that he was on routine patrol when he observed an SUV in front of him "hit the fog line two separate times." A video of the encounter was also played at the hearing. The circuit court ultimately denied the motion to suppress, finding probable cause.

On April 20, Baker entered a conditional plea of guilty and sought specific findings of fact and conclusions of law. The court stated,

> And in regards to the evidence at the hearing, which was primarily the video, it was my determination that the video demonstrates probable cause for failure to maintain control and failure to operate the vehicle entirely within the lane of traffic. The officer was justified in believing that the defendant crossed [the] fog line, at least twice, in approximately 15 seconds or at least onto the fog line, and that the manner of driving gave rise to probable cause for traffic violations under the liberal application of probable cause that's applicable to traffic stops.

The circuit court sentenced Baker to one day in county jail and twelve months' probation and imposed fines and costs in the amount of $1,900. She timely appealed.

In reviewing a circuit court's denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause. *Jackson v. State*, 2013 Ark. 201, at 5–6, 427 S.W.3d 607, 611. Due weight is given to inferences drawn by the circuit court, and proper deference is given to the circuit court's findings. *Id*. A finding is clearly erroneous, even if there is evidence to support it, when the appellate court, after review of the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*.

In order to make a valid traffic stop, an officer must have probable cause to believe there has been a violation of a traffic law. *Prickett v. State*, 2016 Ark. App. 551, at 3, 506 S.W.3d 870, 872. Probable cause is defined as "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected." *Id*. at 5, 431 S.W.3d at 880. The degree of proof needed to sustain a finding of probable cause is less than the proof

2

needed to sustain a criminal conviction; in assessing whether probable cause exists, the appellate review is liberal rather than strict. *Id*.

Arkansas Code Annotated section 27–51–104(b)(1) and (6) (Repl. 2010) makes it unlawful for any person to drive a vehicle conducting "improper or unsafe lane changes" or "in such a manner as to evidence a failure to maintain proper control on the public thoroughfares or private property in the State of Arkansas." Further, "a vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that movement can be made with safety." Ark. Code Ann. § 27–51–302(1) (Repl. 2010).

Baker does not dispute Deputy Coleman's testimony that she drove on the fog line, but she claims that driving on the fog line was an insufficient basis to form probable cause to initiate the traffic stop. She contends that her driving was gradual and that the touching of the fog line twice within the time period given the circumstances in no way could be deemed to be erratic or abrupt. This is not the standard, and we disagree with Baker's argument. We agree with the trial court's finding that driving on the fog line is not maintaining the car "entirely within" the lane and does not evidence control of the vehicle.

To further support her argument, Baker cites *Barrientos v. State*, where we held that weaving within one's own lane of traffic does not constitute failing to maintain control. 72 Ark. App. 376, 39 S.W.3d 17 (2001). Unlike the facts in *Barrientos*, Baker left the confines of her lane when she drove on the fog line. There is a distinction between weaving within your own lane of travel and driving on a fog line. As the State contends, if a highway is comprised of the entire width between the boundary lines, then the lines themselves must

be outside the permissible lane of travel because, logically, the "boundary" cannot be the outer edge of the line. If that were the case, two vehicles could be traveling on the center yellow line heading in opposite directions and both be within their respective lanes but would collide head on.

Accordingly, having considered the plain language of our statutes and given our liberal review of the record, Deputy Coleman had probable cause to stop Baker, and we affirm the circuit court's denial of her motion to suppress.

Affirmed.

GRUBER and VAUGHT, JJ., agree.

*Laws Law Firm, P.A.*, by: *Hugh R. Laws*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

4